IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICK WAYNE UPMAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-09-1547 |
| | * | |
| HOWARD COUNTY POLICE DEPARTMENT, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before this Court is Defendants Howard County Police Department ("HCPD") and Howard County Chief of Police William J. McMahon's ("Chief McMahon") Motion to Dismiss (Paper No. 11).[1] Plaintiff Patrick Upman filed this *pro se* action against the HCPD, Chief McMahon, and Officer Jermaine Persaud ("Officer Persaud"). Plaintiff purports to assert claims under 42 U.S.C. § 1983, alleging that Officer Persaud violated his constitutional rights by arresting him on a charge of disorderly conduct and by allegedly assaulting him during the arrest. Plaintiff seeks $10,000,000 in damages, the termination of Officer Persaud, and an apology from the HCPD. Defendants' submission has been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Defendants' Motion to Dismiss (Paper No. 11) is GRANTED and Plaintiff's Complaint (Paper No. 1) is DISMISSED .

## BACKGROUND

This Court reviews the facts relating to this claim in the light most favorable to the petitioner. *See, e.g., Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). On March 22,

---

[1] A third defendant, Officer Jermaine Persaud, has not joined this Motion to Dismiss by the Howard County Police Department and the Howard County Chief of Police William J. McMahon.

1

2009, Patrick Upman ("Plaintiff") alleges that Defendant Officer Jermaine Persaud approached the Plaintiff and two of his roommates at a playground on the grounds of Harpers Forest Apartments in Columbia, Maryland. Supp. ¶ 1. The Plaintiff alleges that Officer Persaud asked him and his roommates whether they had seen three men with skateboards, and that they responded that they had not. *Id.* After the Plaintiff asked Officer Persaud a series of questions regarding his search for the three men, the Plaintiff alleges that Officer Persaud ordered him to place his hands behind his back and proceeded to arrest the Plaintiff. *Id.* Officer Persaud informed the Plaintiff that he was being detained for disorderly conduct. *Id.* The Plaintiff alleges that in the course of being hand-cuffed, he felt a sharp pain in his pointer finger and began to bleed. *Id.* He was processed in Jessup, Maryland and released four hours later. *Id.* ¶ 3.

The following morning, on March 23, 2009, the Plaintiff filed a complaint against Officer Persaud with the Howard County Police Department. *Id.* A week later, the Plaintiff was informed that charges would not be brought against Officer Persaud. *Id.* ¶ 4. On June 10, 2009, Plaintiff filed this action against the Howard County Police Department, the Howard County Chief of Police William J. McMahon, and Officer Persaud seeking $10,000,000 in damages, the termination of Officer Persaud, and an apology from the HCPD. Compl. ¶ 1, 3.

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id.* at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (stating that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (citations omitted).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* The Supreme Court has recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). On a spectrum, the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Id.* Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## ANALYSIS

I.  **Claims Against the Howard County Police Department**

Under Maryland law, the HCPD is not a legal entity and therefore lacks the capacity to be sued. Howard County has adopted a charter form of government which establishes the power the power to sue and be sued. *See* MD. CODE ANN. art. 25A, § 1(a) (1997). The Howard County

Charter provides that "all actions and proceedings touching [the County's] rights, powers, properties, liabilities, and duties" are to be brought against Howard County. Howard County Charter, § 103. Maryland law is not unique as federal courts have traditionally recognized that individual government departments lack the capacity to be sued. *See, e.g., Strebeck v. Baltimore County Police Dept.*, 2005 WL 2897932, at *1 (D. Md. Oct. 17, 2005) (holding that neither the Baltimore County Police Department nor the Baltimore County Council can be sued); *Adams v. Calvert County Pub. Schs.*, 201 F. Supp. 2d 516, 520 n.3 (D. Md. 2002) (holding that a school district cannot be sued); *James v. Frederick County Pub. Schs.*, 441 F. Supp. 2d 755, 758 (D. Md. 2006) (finding that the Frederick County Fire Department and public schools cannot be sued). Subsequently, only the County, not individual government departments, can be sued.

However, even if the Plaintiff had properly named Howard County as a defendant, the Plaintiff fails to articulate a proper claim against the County. In order to assert a claim against a local government, a plaintiff must show that a government policy, practice, or custom caused or led to the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978) ("Congress included customs and usages [in § 1983] because of the persistent and widespread discriminatory practices of state officials . . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a custom or usage with the force of law.") (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-168, (1970)) (internal quotation marks omitted); *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999); *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725-726 (4th Cir. 1990). The Plaintiff has alleged a single incident of misconduct, but has failed to assert the existence of "persistent and widespread" practices that would constitute the kind of municipal custom required to assert a colorable claim against the HCPD. *See Carter*, 164 F.3d at 218 (quoting *Monell*, 436 U.S. at

691). Thus, even if the Plaintiff's claim had been properly filed, his failure to allege a repeated practice or custom that lead to a violation of his constitutional rights would still warrant a dismissal of his complaint.

## II.  Claims Against Chief McMahon

The Plaintiff fails to assert a viable claim against Chief McMahon, either as Officer Persaud's superior or through his own actions. Liability of local governments or their officials under § 1983 cannot be based on *respondeat superior*. *See Iqbal*, 129 S. Ct. at 1948; *Gordon v. Kidd*, 971 F.2d 1087, 1097 (4th Cir. 1992); *Carter*, 164 F.3d at 220-221. Therefore, in order to bring a claim against a government official, a plaintiff must assert that a government official's actions, not the actions of a subordinate, violated the Constitution. *Iqbal*, 129 S. Ct. at 1948. Accordingly, the Plaintiff's claim against Chief McMahon cannot rest solely on the theory of *respondeat superior*.

The Plaintiff claims that Chief McMahon "condoned" Chief Persaud's allegedly illegal behavior based on his failure to contact the Plaintiff after receiving his Complaint. Resp. ¶ 2. A plaintiff may raise a claim against a supervisory employee when "the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive [practices]." *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984) (internal quotation marks omitted). However, "[a] plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* at 373 (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)) (internal quotation marks omitted). Here, the Plaintiff fails to allege such knowledge or deliberate indifference, but instead bases his claim solely on Chief McMahon's failure to follow up with him about this incident. Plaintiff's claim

fails to point to any conduct on the part of Chief McMahon that would suggest a causal link between Chief McMahon's actions and Officer Persaud's actions because Chief McMahon's conduct occurred after the incident in question. Because the Plaintiff has failed to establish a basis for Chief McMahon's own § 1983 liability, the Plaintiff's claims against him must be dismissed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Paper No. 11) is GRANTED and Plaintiff's Complaint (Paper No. 1) is DISMISSED. This case will proceed against Officer Persaud. A separate Order follows.

Dated: March 17, 2010

/s/ *[signature]*
Richard D. Bennett
United States District Judge